THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAVID D. BURTON and STERLING FIDUCIARIES, LLC, | ) | Case No.2:10CV00674 DS |
| Plaintiffs, | ) | |
| | | Memorandum Decision |
| vs. | ) | |
| | | |
| JP MORGAN CHASE BANK, N.A., et al., | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the court on motions to dismiss filed by defendant JP Morgan Chase Bank ("Chase")(Doc. # 11, 14) and defendant Etitle Insurance Agency ("Etitle") (Doc. #7); and plaintiffs' motion for summary judgment (Doc. # 18). The court has reviewed the parties' briefing and pursuant to DUCivR 7-1(f) finds there has not been good cause shown for allowing oral argument on the pending motions. Accordingly, the motions will be determined by the court on the basis of the written memoranda of the parties.

INTRODUCTION

Plaintiffs filed their initial complaint on July 19, 2010 and an amended complaint on September 15, 2010, and recorded a *lis pendens* against the Property on July 26, 2010. The relevant facts of the case include that plaintiff Burton executed mortgage loan documents, including a promissory note (the "Note") in favor of Chase in the original principal amount of $1,312,500.00 for the purchase and acquisition of certain real property located at

5300 Cove Hollow Lane, Park City, Utah 84098 (the "Property"). A Deed of Trust (the "Trust Deed") was recorded in Summit County on December 10, 2007 which secured the Note. Chase is the beneficiary under the Trust Deed. All relevant loan documents are attached to and referenced in the complaint and amended complaint and the parties briefs relating to these motions.

Plaintiff Burton also executed a Revolving Credit Deed of Trust to secure a line of credit from Chase in the maximum amount of $375,000.00. In connection with the Revolving Line of Credit, Chase provided Burton with a Notice of Right to Cancel as evidenced by the referenced loan number 415780049861. These documents are also attached to and referenced in plaintiffs' complaints.

Defendant Chase Home Finance is affiliated with Chase, and was the servicing agent for Chase under the Note from the inception of plaintiff Burton's mortgage loan. And on September 21, 2009, Chase Home Finance executed a Substitution of Trustee and substituted defendant Etitle as the successor trustee under the Trust Deed.

Plaintiff Burton defaulted under the terms of the Note and Trust Deed. Chase Home Finance thereafter caused Etitle to file a Notice of Default on September 21, 2009 against the Property. On November 17, 2009, Chase formally assigned its beneficial interest under the Trust Deed to Chase Home Finance by an

Assignment of Trust Deed recorded in Summit County as Entry No. 00886984, also referred to in and attached to the complaints. On June 19, 2010, Etitle sent notice of the foreclosure sale to plaintiff Burton by virtue of an Amended Notice of Trustee's Sale, also attached to plaintiffs' complaints.  And on July 29, 2010 Etitle as trustee conducted a non-judicial foreclosure sale of the Property and the Property was sold.  A Trustee's Deed reflecting the foreclosure sale was recorded on August 5, 2010, copy attached to Etitle's Memorandum in support of motion to dismiss.

Plaintiffs filed their complaint and amended complaint seeking declaratory judgments that the July 29, 2010 foreclosure sale of the Property was invalid and that plaintiffs have a three-year right of rescission under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Plaintiffs did not file a request or motion for temporary restraining order or preliminary injunction seeking to enjoin the sale of the Property.  All defendants have moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiffs opposed the motions to dismiss and filed a motion for summary judgment asserting various facts and arguments about the loan closing and loan documents and all aspects of the foreclosure documents and procedure.

## STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the complaint, the court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Furthermore, the allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). See also, *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009)("a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.")

The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." As the Court held in *Twombly,* where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly* 550 U.S. 544, at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929.

According to the Court in *Ashcroft*, two important principles underlie this reasoning. First, although a court must accept as true all well-plead factual allegations in a complaint, this does not apply to "legal conclusion couched as a factual allegation." *Ashcroft,* at 1950. Plaintiffs' complaint and amended complaint are rife with erroneous legal conclusions couched as factual allegations. Second, a complaint survives a motion to dismiss only if it states a plausible claim for relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"*Id.,* at 1950 (citing Fed. Rule Civ Proc. 8(a)(2)).

Regarding plaintiffs motion for summary judgment, under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there

is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] E.g., Scott v. Harris, 127 S. Ct. 1769 (2007); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adler v. Wal-Mart Stores, Inc., 144F. 3d 664, 670, (10th Cir. 1998). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. See 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727 (3d ed. 2008).

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. Scott, 127 S. Ct. At 1776; Celotex, 477 U.S. at 323. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of

---

[1] Whether a fact is material is determined by looking to relevant substantive law. ; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Adler, 144F. 3d at 670.

6

evidence in the record to support the nonmovant's case.[2] <u>Adler</u>, 144F. 3d at 670-71; <u>Celotex</u>, 477 U.S. at 323. "[T]here can be no issue as to any material fact . . . [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>.

Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324; <u>Adler</u>, 144F. 3d at 671.

---

[2]In his dissent in <u>Celotex</u>, Justice Brennan discussed the mechanics for discharging the initial burden of production when the moving party seeks summary judgment on the ground the nonmoving party--who will bear the burden of persuasion at trial--has no evidence:

> Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

477 U.S. at 323 (citations (omitted).

> If the defendant in a run-of-the-mill civil case moves
> for summary judgment . . . based on the lack of proof
> of a material fact, the judge must ask himself not
> whether he thinks the evidence unmistakenly favors one
> side or the other, but whether a fair-minded jury could
> return a verdict for the plaintiff on the evidence
> presented. The mere existence of a scintilla of
> evidence in support of the plaintiff's position will be
> insufficient; there must be evidence on which the jury
> could reasonably find for the plaintiff. The judge's
> inquiry, therefore, unavoidably asks whether reasonable
> jurors could find by a preponderance of the evidence
> that the plaintiff is entitled to a verdict . . . .

Liberty Lobby, 477 U.S. at 252. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. Id., 477 U.S. at 242.

## DISCUSSION

### I. Judicial Notice of News Articles is Improper.

Plaintiffs request that this court take judicial notice of news stories from various sources that are generally about foreclosures. Plaintiffs' request for judicial notice is improper because they seek to establish facts that are not the proper subject of judicial notice. Judicial notice is proper only if a fact is commonly known to the community and is, therefore, indisputable, or if it is readily determined by

8

reference to incontestable sources.[3] Plaintiffs' request for judicial notice does not meet these standards. There is no basis for concluding that the articles contain facts that are "readily determinable" or "uncontested." In fact, the content in the articles and the assertions plaintiffs seek to prove with those articles are disputed. The court has no way to verify the accuracy of the articles, and the content of the articles is not commonly known in the community.

**II. The Foreclosure Sale of the Property was Legal and Valid**

Plaintiffs' arguments in their memorandum in opposition to the motions to dismiss and in support of their motion for summary judgment that the Trustee's Deed reflecting the foreclosure sale should be void because the Substitution of Trustee, Notice of Default, and Assignment of Trust Deed were unlawfully executed are not new to this court. Neither is plaintiffs' argument that defendants lack standing to assert their motions to dismiss or oppose plaintiffs' motion for summary judgment.

First, plaintiffs' argument that the court should deny defendants' motions to dismiss because defendants lack standing to assert their motion is puzzling. Defendants are not the plaintiffs in this lawsuit, and they are not seeking affirmative relief. Defendants in a lawsuit do not have to establish

---

[3]Fed. R. Evid. 201(b); *see also American Bankers Assoc.*, 347 F.Supp.2d 1061, 1066 (D. Utah 2004).

standing in order to defend themselves against a judgment. Plaintiffs' arguments to the contrary are absurd and fail as a matter of law.

Second, this court has already stated that, "the Court is unaware of any requirement under Utah law that the foreclosing entity be the entity expressly listed on the original Note or Trust Deed. The ability of financial institutions to assign benefits and obligations under promissory notes or security instruments is the rule, not the exception, in the financial industry." Chase Defendants Reply Memo at 11, citing *Horne v. Impac Funding corp.*, 2009 WL 1152080 (D.Utah 2009). Hence, for these reasons as well as the others cited in the Chase Defendants Reply memorandum, plaintiffs' arguments that Chase Home Finance was not the "beneficiary" under the Trust Deed, that the assignment was improperly executed or invalid because of issues related to Christina Trowbridge's specific title or inappropriate interpretations of Ohio's notary public statute, fail as a matter of law. The court finds that the assignment of Chase's beneficial interest under the Trust Deed to Chase Home Finance prior to the July 29, 2010 foreclosure sale was valid, and there was simply no evidence of wrongdoing by the notary.

Regarding the July 29, 2010 foreclosure sale, the court finds the undisputed facts establish that plaintiffs did nothing to stop the sale-they never filed a motion to enjoin the

10

foreclosure. Accordingly, under Utah law, "[A] party otherwise in a position to object to a mortgage foreclosure sale may well be precluded from doing so based upon conduct sufficient to bring into operation the doctrines of waiver and estoppels." Chase Defendants Reply Memorandum at 13, citing *American Falls Canal Securities Co. V. American Savings and Loan Assoc.,* 775 P.2d 412, 414 (Utah 1989). The court finds plaintiffs acquiesced to the foreclosure sale and therefore the July 30, 2010 Trust Deed constitutes prima facie evidence that the foreclosure was conducted in accordance with Utah law. *See* Utah Code Ann. § 57-1-28(2)(c)(i)-(ii)(the recitals in a trustee's deed after a foreclosure sale "constitute prima facie evidence of compliance with Sections 5-1-19 through 57-1-36; and are *conclusive evidence* in favor of bona fide purchasers and encumbrancers for value and without notice" (emphasis added)). Homesales, Inc. purchased the property at the foreclosure sale and plaintiffs have cited no law to support their position that Homesales is not a bonafide purchaser under Utah law. Furthermore, plaintiffs' arguments that their complaint and *lis pendens*, both filed prior to the sale, were sufficient to preserve their rights are without merit or support.

**III. Plaintiffs are not Entitled to Equitable Relief**

Defendants argue that plaintiffs are not entitled to equitable relief and that the first cause of action seeking a

11

declaratory judgment, in essence, seeks injunctive relief by asking the court to declare the July 29 foreclosure sale void. Plaintiffs don't respond in any meaningful way to defendants' arguments. The court presumes defendants' arguments regarding unfair prejudice relate to plaintiffs' claim for equitable relief. Defendants make a persuasive case that plaintiffs cannot show any unfair prejudice by the foreclosure sale or the fact that the Assignment of Trust Deed was recorded after the Substitution of Trustee and Notice of Default. These facts appear to be true and plaintiffs have not established anything to the contrary. The court finds the facts as plead establish no unfair prejudice to plaintiffs and consider that finding relevant to the defendants' equitable arguments in their motions to dismiss which plaintiffs have essentially failed to oppose.

**IV. Plaintiff's TILA Claims and FDCPA Claims**

Plaintiffs' second cause of actions seeks a declaration from the court that they have a right to rescind the loan transaction pursuant to TILA. The parties are in agreement that TILA expressly states that the right of rescission does not apply to a residential mortgage transaction and that plaintiff Burton's first loan in the principal amount of $1,312,500.00 ("First Loan")for the purchase and acquisition of the Property is a residential mortgage transaction. *See* Defendant Chase's Reply Memorandum at 8; Plaintiffs' Reply to Defendants' Memorandum at

12

19. Instead, plaintiffs rely only on the doctrine of promissory estoppel, without support, in arguing for a right of rescission on the First Loan. While their initial pleadings take a strong position with respect to the right of rescission, it appears plaintiffs essentially concede this argument in their Reply Memorandum. *See* Plaintiffs Reply at 19-20. Accordingly, the court finds plaintiffs' claims for rescission under TILA fail as a matter of law.

Plaintiffs' original complaint asserted a claim against Etitle for violating the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d-1692f ("FDCPA"). That claim was the subject of Etitle's motion to dismiss. The amended complaint does not contain that claim and the court finds its omission renders Etitle's motion to dismiss the FDCPA claim moot.

## CONCLUSION

For the reasons argued more fully in the defendants' briefs in support of the motions to dismiss and in opposition to the plaintiffs' motion for summary judgment, and for the reasons stated herein and other good cause shown, the court grants defendants' motions to dismiss and denies plaintiffs' motion for summary judgment. Plaintiffs' amended complaint fails to state a plausible claim for relief. Plaintiffs' amended complaint consists largely of conclusory statements and red herrings that

do not establish the elements of the causes of action plaintiffs attempted to plead. Accordingly, plaintiffs' amended complaint is dismissed with prejudice, as a matter of law and on the merits, and plaintiffs are hereby ordered to release any and all *Lis Pendens* recorded on the Property arising from this lawsuit.

So Ordered.

DATED this 31st day of March, 2011.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT